## LOWER KINGS RIVER RECLAMATION DIST. NO. 531 v. PHILLIPS.

### No. 18,363; March 11, 1895.

#### 39 Pac. 634.

**New Trial.**—Assignments of Error, on a Motion for a new trial, in sustaining objections to and refusing to receive certain evidence, will be disregarded where they are not supported by the record, which shows that the court overruled all objections to and admitted such evidence.

**New Trial.**—Assignments of Error, on Motion for New trial, that the court erred in rendering judgment in favor of defendant, when the decision and judgment should have been for plaintiff, will be disregarded under Code of Civil Procedure, section 659, because of being a mere general objection to the final judgment.

APPEAL from Superior Court, Tulare County; William W. Cross, Judge.

Action by Lower Kings River Reclamation District No. 531 against P. C. Phillips to recover an assessment by such district upon defendant's land situated therein. From a judgment in favor of defendant, and denial of a new trial, plaintiff appeals. Affirmed.

S. C. Denson and Bradley & Farnsworth for appellant; Daggett & Adams for respondent.

VANCLIEF, C.—The plaintiff is a corporation purporting to have been organized under provisions of Political Code, section 3446 et seq., for the reclamation of swamp and overflowed lands situate in the counties of Fresno and Tulare, the proceedings for the formation of which were initiated by petition to the board of supervisors of the county of Fresno. The

object of this action is to recover from defendant an assessment of $1,098.18, levied upon a tract (two hundred and sixty-seven acres) of his land situate in the county of Tulare, where this action was tried. The complaint is in the ordinary form, specially alleging all facts necessary to show that the district was duly organized, that the assessment was properly levied, and that defendant had refused to pay the assessment; but was not verified. The answer of the defendant admits that he is the owner of the land alleged to have been assessed to him, but denies all other allegations of the complaint. It then alleges, substantially, the following further defenses: (1) That the lands assessed to him are not, and never have been, swamp or overflowed lands, but always have been high and dry lands originally owned by the government of the United States and never granted to the state of California; and that defendant's grantor purchased said land directly from the government of the United States as not being swamp or overflowed lands, but duly segregated therefrom by the government surveys. (2) That the commissioners appointed to view and assess said lands were not disinterested persons; that one of them, F. A. Blakely, was interested, and therefore disqualified to act as such commissioner, because he was secretary of the board of trustees of plaintiff under a salary at the time he was appointed, and during all the time he acted as such commissioner. (3) That the commissioners did not view the lands of defendant, and did not assess them in proportion to the whole expense of the works and to the benefits resulting from such works; but, on the contrary, arbitrarily assessed the lands of the defendant without regard to any benefit to them resulting from said works; and that said works do not and will not benefit defendant's lands in any form, or to any extent whatever. Other defenses, more or less technical, were pleaded, but need not be considered. While the court found that the district was duly organized, it found for the defendant upon all other material issues, and thereupon rendered judgment in favor of the defendant.

The plaintiff has appealed from the judgment and from an order denying its motion for a new trial. On the appeal from the order counsel for appellant contends that the court erred in matters of law, and that the evidence is insufficient to justify the findings of fact. The motion for new trial was made on a statement of the case, which contains only the following

specifications of error either in law or in fact: "The plaintiff now assigns the following errors of law occurring upon the trial: 1. The court erred in sustaining defendant's objections to the assessment list offered in evidence by plaintiff, a copy of which is contained in the foregoing statement, and designated 'Exhibit N.' 2. The court erred in sustaining defendant's objections to and in refusing to receive in evidence the original assessment list of Lower Kings River Reclamation District No. 531, as made and returned by F. A. Blakely, W. J. Newport and Frank Laning, commissioners appointed for that purpose by the board of supervisors of Fresno county. 3. The court erred in ruling and deciding that the assessment-roll offered in evidence was indefinite, and that the same did not contain sufficient descriptions of the real estate therein described or attempted to be described. 4. The court erred in finding and deciding in favor of the defendant, when the finding and decision should have been in favor of the plaintiff. 5. The court erred in rendering judgment in favor of the defendant when the judgment should have been in favor of the plaintiff." There is no warrant in the record for the first three of these specifications, since it does not appear that the court sustained any objection to the assessment lists. On the contrary, the court overruled all objections thereto, and admitted both the original assessment-roll filed in the county of Fresno, and a copy thereof filed in the county of Tulare. Nor does it appear that the court ruled or decided that the assessment-roll offered in evidence was indefinite, nor that it did not contain sufficient descriptions of the real estate therein described or attempted to be described, as stated in the third specification of error. Neither the fourth nor fifth assignment of error is a specification at all of any error in law "occurring at the trial," or of any particular in which the evidence is insufficient. Each is but a general objection to the final judgment. Therefore the statement on motion for new trial must have been disregarded (Code Civ. Proc., sec. 659), and the motion was properly denied. On the appeal from the judgment it is enough to say that the findings of fact undoubtedly support the judgment. I therefore think the order and judgment appealed from should be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order and judgment appealed from are affirmed.